Filed 9/3/15  In re I. B. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re I. B. et. al., Persons Coming Under the Juvenile Court Law. | B259287 (Los Angeles County Super. Ct. No. CK26905) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. E. B., Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Teresa T. Sullivan, Judge.  Reversed in part, and affirmed in part.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Tracey F. Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

Merrill Lee Toole, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Minors.

* * * * * *

1

E.B. (father) challenges the juvenile court's finding of dependency jurisdiction pertaining to him as well as the court's refusal to place his two teenage children with him as a noncustodial parent. Specifically, he argues that there was insufficient evidence to support the court's findings that (1) he has an alcohol abuse problem that places the children at substantial risk of serious physical harm (Welf. & Inst. Code, § 300, subd. (b)(1)),[1] and (2) placing the children with him would be detrimental to their "safety, protection, or physical or emotional well-being" (§ 361.2, subd. (a)). We agree with father that there was insufficient evidence to support the jurisdictional finding against him, but conclude that his challenges to the placement order are moot as to his son and forfeited as to his daughter. Accordingly, we affirm in part and reverse in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Father and I.R. (mother) have two children together—17-year old I.B. (daughter) and 16-year old M.B. (son). Father and mother divorced years ago; the kids have since lived with mother, while father lives in New York.

In April 2014, mother punched and kicked daughter and son, and ordered both children out of the home. The Los Angeles County Department of Children and Family Services (Department) received a referral after mother reported the children missing. The Department eventually filed an amended petition asking the juvenile court to assert dependency jurisdiction over both children on the grounds that (1) mother had, in April 2014 and before, engaged in disciplinary acts that placed both children at substantial risk of physical abuse (§ 300, subd. (a)), (2) father had a history of engaging in domestic violence against mother that placed both children at substantial risk of serious physical harm (§ 300, subd. (b)(1)), and (3) father had a history of alcohol abuse that placed both children at substantial risk of serious physical harm (*ibid.*).

At the jurisdictional hearing, mother pled "no contest" to the allegation against her. Father contested the allegations against him. The juvenile court dismissed the

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

domestic violence allegation (count b-4), concluding that the evidence pertained solely to older incidents that posed no current or future risk of harm to the children. However, the juvenile court found true the allegation regarding father's alcohol abuse (count b-5), citing father's 2006 conviction for driving under the influence of alcohol (DUI) and evidence that "father did drink alcohol." The court made no findings as to how this evidence created a current or future substantial risk of serious physical harm to the children.

The court removed the children from their mother, but declined father's request that son be placed with him as a noncustodial parent because, in the court's view, doing so would be "detrimental" to son. Father never asked to have daughter placed with him. Son and daughter were ordered to remain in foster care, and the court authorized reunification services for father, ordered an expedited Interstate Compact on Placement of Children report, and required father to participate in alcohol testing, conjoint counseling and parenting classes.

Father timely appealed. Mother did not.

While father's appeal has been pending, the juvenile court placed son with father. (RJN, Exh. A.)[2]

## DISCUSSION

Father attacks the juvenile court's jurisdictional finding and its dispositional order.

## I.     The Jurisdictional Finding

As a threshold matter, the Department argues that we should not entertain father's challenge to the jurisdictional finding against him because the court's jurisdiction over the children is independently supported by the findings against mother, which she admitted below and which are not challenged on appeal. The Department is correct that dependency jurisdiction attaches *to the child*, not the parent; as a result, "'a jurisdictional finding against one parent is good against both.'" (*In re Brianna V.* (2015) 236

---

[2]      We may take judicial notice of court files (Evid. Code, § 452, subd. (c)), and do so in this case because the postdispositional proceedings bear on the justiciability of father's claims in this appeal.

3

Cal.App.4th 297, 308; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1491.) However, an appellate court retains discretion to review a jurisdiction finding as to one parent—even if the jurisdictional finding as to the other parent independently supports dependency jurisdiction—if the challenged finding (1) "serves as the basis for dispositional orders that are also challenged on appeal," (2) "could be prejudicial to the appellant or could potentially impact current or future dependency proceedings," or (3) "'could have other consequences for [the appellant], beyond jurisdiction.' [Citation]." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763 (*Drake M.*).)

In this case, we elect to reach the merits of father's challenge to the juvenile court's jurisdictional finding against him because that finding is prejudicial to him and could potentially impact future dependency proceedings. The validity of the juvenile court's finding is "the difference between father's being an 'offending' parent versus a 'non-offending' parent," (that is, a parent who has engaged in conduct triggering dependency jurisdiction versus one who has not). (*In re Drake M.*, *supra*, 211 Cal.App.4th at p. 763.) This distinction bears on whether it would be detrimental to place daughter with father following disposition of this appeal. It is also relevant to how the juvenile court exercises its general power to make "reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child[ren]" under section 362, subdivision (a). (E.g., *In re Jasmine C.* (2003) 106 Cal.App.4th 177, 180-182.)

Turning to the merits, the juvenile court's jurisdictional finding against father rests solely on the portion of section 300, subdivision (b)(1) that confers dependency jurisdiction when, in pertinent part, "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of . . . the [] inability of his or her parent . . . to provide regular care for the child due to the parent's . . . substance abuse." (§ 300, subd. (b)(1).) To establish jurisdiction under this provision, the Department must prove (1) ""'"'neglectful conduct by the parent in one of the specified forms'"'"' (in this case, alcohol abuse), (2) causation, and (3) prior ""'""serious physical harm or illness" . . . or a "substantial risk" of such harm or illness.' [Citations.]"'" (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1452, quoting *In re James R.*

4

(2009) 176 Cal.App.4th 129, 135 (*James R.*).) "Jurisdiction may be exercised 'based on . . . a current or future risk.'" (*Ibid.*, quoting *In re J.K.* (2009) 174 Cal.App.4th 1426, 1435, fn. 5.)

In evaluating a challenge to the sufficiency of evidence supporting a finding, we review the juvenile court's jurisdictional findings for substantial evidence, which requires us to view the evidence in the light most favorable to those findings and to draw all inferences to support them. (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161-1162.)

There is insufficient evidence to support the jurisdictional finding against father for two reasons. To begin, there is insufficient evidence of alcohol *abuse*. It is well settled that *use* of alcohol or a controlled substance is not the same as *abuse*. (*Drake M.*, *supra*, 211 Cal.App.4th at p. 764.) The statute requires "abuse" (§ 300, subd. (b)(1)), and here the Department proves only use. The juvenile court relied on father's 2006 DUI conviction, but even a *recent* DUI conviction is too isolated an occurrence to constitute an "ongoing substance abuse problem" capable of sustaining dependency jurisdiction. (*In re J.N.* (2010) 181 Cal.App.4th 1010, 1022-1027.) A DUI conviction that is nearly a decade old is thus plainly insufficient. The juvenile court also relied on its finding that father drinks, but that demonstrates, at most, use of alcohol. On appeal, the Department points to other evidence—namely, that father drank "long ago," that mother said he would get violent when he drank, that he still occasionally drinks, and that he drinks before he calls mother. However, the first two pieces of evidence refer to past drinking (as mother admits that father's misconduct while drinking stopped when son was a toddler); the latter two pieces of evidence indicate no more than current use of alcohol.

Even if we were to construe this as evidence of alcohol abuse, the Department has not adduced evidence to support a finding that this abuse places the children in substantial risk of serious physical harm. Because the children are teenagers, the Department cannot rely upon the so-called "tender years" presumption, which, as to very young children, provides that substance abuse alone constitutes "prima facie evidence of the inability of a parent . . . to provide regular care resulting in a substantial risk of physical harm." (*Drake M.*, *supra*, 211 Cal.App.4th at p. 767.) Thus, the Department

5

was required to prove that father's drinking creates a "specific, defined risk of harm." (*James. R.*, *supra*, 176 Cal.App.4th at p. 136.) The Department did not do so. The juvenile court made no such finding, and the evidence indicates that father never harmed the children and that his alcohol-related physical abuse of mother ended well over a decade ago. Indeed, the juvenile court dismissed the Department's domestic-violence related allegation due to insufficient evidence that the prior incidents of domestic violence posed any current risk to the children.

In sum, the record does not support the finding that father's current use of alcohol "render[ed] [him] incapable of providing regular care . . . or pos[ed] a risk to" his children. (*James R.*, *supra*, 176 Cal.App.4th at p. 137; *In re B.T.* (2011) 193 Cal.App.4th 685, 694.) We accordingly reverse the juvenile court's jurisdictional finding as to father.

## II.    The Dispositional Order

Where, as here, the juvenile court asserts dependency jurisdiction over a child based on the custodial parent's conduct and removes the child, the court must place the child with the noncustodial parent unless doing so would be "detrimental to the safety, protection, or physical or emotional well-being of the child." (§ 361.2, subd. (a).) On appeal, father challenges the juvenile court's finding that placing son with him would be detrimental to son, and asks us to find that placing daughter with him would not be detrimental. Since the juvenile court's initial dispositional order, the court has placed son with father; as a result, father's challenge to the original order is moot. (*In re E.T.* (2013) 217 Cal.App.4th 426, 436 ["An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief"].) Father never asked the juvenile court to place daughter with him, so he cannot raise that issue for the first time on appeal. (*In re John M.* (2013) 217 Cal.App.4th 410, 419 ["[P]arent's failure to raise placement under section 361.2 in the dependency court forfeits the issue"].) Of course, father remains free to raise this issue with the juvenile court following disposition of this appeal.

6

## DISPOSITION

The jurisdictional finding regarding father's conduct (count b-5) is reversed.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.

HOFFSTADT

We concur:

_____, Acting P.J.
      ASHMANN-GERST

_____, J.
      CHAVEZ

7